IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CASEY LIDDELL CARTER, # K1348**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 3:12cv459-WHB-LRA**

**MADISON COUNTY CIRCUIT COURT,**
**LEE WESTBROOK, WALTER E. WOODS,**
**MADISON COUNTY COURTHOUSE, and**
**JUDGE SAMAC RICHARDSON**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Casey Liddell Carter's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this 42 U.S.C. § 1983 action challenging his State court rape conviction and sentence. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

According to Carter, he was arrested pursuant to a warrant, on April 2, 2003, for forcible rape. He pled guilty and was convicted by the Madison County Circuit Court on February 2, 2006. He was represented by Defendant Walter E. Woods. Defendant Judge Samac Richardson sentenced Carter to 49 years in the custody of the Mississippi Department of Corrections, with 35 to serve, followed by five years of reporting supervised release, then nine years of non-reporting supervision.

On June 25, 2012, Carter filed the instant action against the State trial court, Circuit Clerk Lee Westbrook, attorney Walter E. Woods, the Madison County Courthouse, and Judge Richardson. Because the Complaint presented both Section 1983 and habeas claims, the habeas

claim was severed and opened in cause number 3:12cv477-TSL-MTP.

In the instant action, Carter claims the conviction, sentence, indictment, and warrant are "bogus." (Compl. at 4). He complains the incident happened on March 17, 2003, but the warrant and accompanying affidavit were not signed until March 28. He also complains that the warrant and affidavit were signed by different people. The warrant was signed by Judge Cindy Alford, and the affidavit was signed by the victim and notarized by Justice Court Clerk Susan McCarty. He alleges that the original indictment cited the statutory rape statute, while the amended indictment cited the forcible rape statute. He also alleges the amended indictment cited a different habitual offender statute than did the original. Finally, he accuses Westbrook and Judge Richardson of "welfare fraud." *Id.* Specifically, Carter maintains that by participating in giving him a longer sentence than he should have had, they:

> fatten[ed Westbrook's] pocket's, kidnapped [sic] me, look 49 years, what you think. Cause [sic] in Madison County the more time you get the fatter they pocket's get's [sic]. That's how [Westbrook] participated in welfare fraud . . . and Mr. Samac Richardson felled thru wit [sic] it and agreed to the 49 year's [sic] and he knew the biz-ness, [sic] he's a judge. That's how he got involved wit [sic] welfare fraud.

(2d Resp. at 2).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Carter to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

## *HECK*

Carter alleges he was wrongfully arrested, indicted, convicted, and sentenced for rape between 2003 and 2006. The latter three claims attack his current confinement. A Section 1983 claim that challenges the fact or duration of a State sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on Carter's indictment, sentence, and conviction claims would necessarily

invalidate his State court conviction and sentence for rape. Even the alleged "welfare fraud" would, if successful, necessarily invalidate his sentence and conviction. This claim is nothing more than an assertion that his conviction and sentence were illegally enhanced through the amended indictment. These claims could only proceed if he proves the conviction has already been invalidated. He admits that the conviction and sentence still stand. Additionally, this action began as a mixed habeas petition, and the habeas claims are still pending before the Fifth Circuit Court of Appeals. *In Re: Carter*, No. 12-60582 (5th Cir.)

Because the conviction and sentence have not yet been invalidated, Carter is precluded by *Heck* from challenging it in this Section 1983 civil action. The indictment, conviction, sentence, and welfare fraud claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State court revocation invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

STATUTE OF LIMITATIONS

As for the claims attacking Carter's arrest warrant, they do not appear to be *Heck*-barred. They are nevertheless barred by the statute of limitations.

"Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years. . . ." *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012) (citations omitted). Federal law, however, determines when the limitations period begins to accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest

4

is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. State tolling rules apply. *Id.* at 395. In Mississippi, "ignorance of . . . legal rights, or failure to seek legal advice, d[oes] not toll the statute of limitations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). *See also*, Miss. Code Ann. §§ 15-1-57, 15-1-67.

Carter admits he was served the warrant in 2003 and was indicted shortly thereafter. His claim attacking the warrant began to accrue on May 23, 2003, when he was first indicted by the grand jury. He therefore had until May 23, 2006, to file the instant action challenging the warrant. He did not file the claims until over six years later. When the Court asked why Carter waited until now, he simply pled ignorance of the law "until someone here in prison advised me," on some unspecified date. (2d Resp. at 2). This is insufficient to toll the statute of limitations. The claims regarding the arrest warrant are therefore dismissed as legally frivolous, under Section 1915. *Gartrell v. Gaylor*, 981 F.2d 2547, 256 (5th Cir. 1993).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the warrant claims should be and are hereby **DISMISSED WITH PREJUDICE** as frivolous. The remainder is **DISMISSED WITH PREJUDICE** for failure to state a claim against until such time as the State court conviction and sentence are invalidated. Dismissal of this case counts as a strike pursuant to 28 U.S.C. 1915(g).

**SO ORDERED**, this the 13th day of August, 2012.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE